(No. 12056.—Writ awarded.)

THE PEOPLE *ex rel.* Max Dezettel, Petitioner, *vs.* AUGUST LUEDERS *et al.* Respondents.

*Opinion filed April 17, 1918.*

1. CONSTITUTIONAL LAW—*courts have power to decide whether bill has become a law.* No bill can become a law except in the mode prescribed by the constitution, and the power and duty to decide whether a bill has become a law reside in the courts.

2. SAME—*bill presented to the Governor for approval must be the same one passed by the legislature.* Before a bill can become a law it must be presented to the Governor for his approval, and it is essential that the bill presented to the Governor be the same one as was passed, with its amendments, by both houses of the General Assembly.

3. SAME—*the act of June 28, 1917, regulating registration of voters in large cities, is invalid.* The act of June 28, 1917, (Laws of 1917, p. 460,) regulating the registration of voters in cities of over 150,000, was presented to the Governor for his approval without containing the amendments shown by the journals of the General Assembly to have been adopted by both the senate and the house of representatives, and hence is invalid and does not affect the prior registration laws.

ORIGINAL petition for *mandamus*.

EDGAR L. MASTERS, for petitioner.

COLIN C. H. FYFFE, for respondents.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Pursuant to leave granted, the petitioner, Max Dezettel, a citizen and voter of the city of Chicago, filed in this court his original petition for *mandamus,* seeking to compel the election commissioners of the city of Chicago, who are named as respondents, to allow the petitioner and all other electors having the right to register as legal voters under the provisions of the act of the legislature entitled "An act to amend an act entitled 'An act regulating the

holding of elections and declaring the result thereof in cit-
ies, villages and incorporated towns in this State,' approved
June 19, 1885, in force July 1, 1885, as amended by an act
approved June 18, 1891, in force July 1, 1891," approved
April 24, 1899, in force July 1, 1899, as subsequently
amended, (Hurd's Stat. 1917, p. 1277,) to register as elect-
ors and voters thereunder, and to require said commission-
ers to hold a registration of said voters under said act for
aldermanic elections to be held in the city of Chicago in
April, 1918. By oral announcement at the February term
the writ was awarded, and this opinion follows.

The reason for seeking to compel registration under the
law of 1899 is the alleged unconstitutionality of a purported
act of the General Assembly of June 28, 1917, regulating
the registration of voters in cities of over 150,000 inhab-
itants, by the terms of which act the law of 1899 was ma-
terially changed where the law of 1917 applied. The bill
which, with several changes, was subsequently passed by
the legislature as the law of 1917, (Laws of 1917, p. 460,)
was originally offered in the house of representatives of
the General Assembly as House Bill No. 737. The petition
for *mandamus* sets out the various steps and proceedings
in both the house and senate relating to the passage of the
bill, and there has been submitted with the petition a copy
of that part of the house and senate journals of the Fiftieth
General Assembly showing all the proceedings had in both
houses regarding said bill, duly certified by the Secretary
of State, the custodian of said journals. In brief, it appears
that the bill passed the house of representatives as originally
introduced therein by the committee on elections and was
sent to the senate for its action. It was there read a first
time and referred to the committee on elections. That
committee made certain amendments, and the bill was or-
dered to a second reading and to be printed with the amend-
ments. On second reading the committee amendments were
adopted, and fourteen other amendments, which are set out

in detail in the petition, were offered from the floor of the senate and all were separately adopted. The bill as thus amended was ordered to third reading and duly passed by the senate as amended. Afterwards the bill as amended in the senate was duly reported back to the house and the concurrence of that body asked as to all the senate amendments. On motion in the house said amendments were duly concurred in by a majority vote. It further appears that after the bill was passed by the house and amended by the senate and the amendments concurred in by the house it was presented to the Governor for his approval, and the Secretary of State has certified, as provided by section 10 of chapter 124 of our statutes, that said bill having remained with the Governor ten days, Sundays excepted, the General Assembly being in session, it has thereby become a law. It is further alleged that said act, which was presented to the Governor for his approval and which was certified to by the Secretary of State as having become a law by failure of the Governor to act thereon, did not and does not contain the fourteen amendments which were offered from the floor of the senate and adopted by that body and which were a part of the bill as it was when it passed the senate and was concurred in by the house, and that said act as now printed in the session laws was not the act passed by the senate and house of representatives and it has not become a law in the manner provided by the constitution and is invalid and void.

Respondents answered the petition, admitting that the act, with the fourteen amendments aforesaid, which was passed by the house of representatives and by the senate, was never, in fact, presented to the Governor for his executive action, and they submit the question of the validity of the act to the court.

Section 16 of article 5 of the constitution provides as follows: "Every bill passed by the General Assembly shall, before it becomes a law, be presented to the Governor. If

he approve, he shall sign it, and thereupon it shall become a law; but if he do not approve, he shall return it, with his objections, to the house in which it shall have originated, which house shall enter the objections at large upon its journal and proceed to reconsider the bill. If then two-thirds of the members elected agree to pass the same, it shall be sent, together with the objections, to the other house, by which it shall likewise be reconsidered; and if approved by two-thirds of the members elected to that house, it shall become a law notwithstanding the objections of the Governor; but in all such cases the vote of each house shall be determined by yeas and nays, to be entered upon the journal. * * * Any bill which shall not be returned by the Governor within ten days, Sundays excepted, after it shall have been presented to him, shall become a law in like manner as if he had signed it; unless the General Assembly shall, by their adjournment, prevent its return, in which case it shall be filed with his objections in the office of the Secretary of State, within ten days after such adjournment, or become a law."

In *Neiberger* v. *McCullough,* 253 Ill. 312, we held that no bill can become a law except in the mode prescribed in the constitution, and that the power and duty to decide whether a bill has become a law reside in the courts. It was further held in that case that it is competent to show by the journal of either branch of the General Assembly that a bill was not passed in the mode prescribed by the constitution, and that when it does not appear from the house and senate journals that certain amendments were printed before the vote was taken on its final passage, as provided by section 13 of article 4 of the constitution, such bill was not passed in the manner provided by the constitution and did not thereby become a valid law. While the objection to the law under consideration is different from that in *Neiberger* v. *McCullough, supra,* it is no less vital.

Under section 16 of article 5 of the constitution a bill as passed by both houses shall be the one presented to the Governor for his approval or veto, and this is a necessary step before any bill can become a law. After the bill has been presented to the Governor there are three ways in which it may become a law, which are, briefly, as follows: First, by his approval; second, by remaining with him ten days, Sundays excepted, without action; third, by his vetoing the bill and returning it to the house of the General Assembly in which it was introduced and it being subsequently passed by both houses by a two-thirds vote in the manner indicated in section 16 of article 5. In the instant case the only way in which the bill could have become a law was the second,—by remaining with the Governor ten days without action by him. It requires no argument to show that if a bill were passed by both branches of the General Assembly and a different bill under the same number and title were presented to the Governor for his signature and approved by him or allowed to become a law by not acting for ten days and in the form as presented to him published as a law, its invalidity would be established by showing the published law was not the law enacted by the General Assembly as shown by the house and senate journals. In this case a measure known as House Bill No. 737 was passed in a certain form by the house of representatives and senate and certified by the respective presiding officers of said houses, but an altogether different measure was permitted to become a law by remaining with the Governor for ten days without his action. This is conceded by the answer and is shown by the act as published in the session laws and the certificate of the Secretary of State and the certified copy of the house and senate journals. The provisions of section 16 of article 5 of the constitution are mandatory. The law as it appears in the session laws has not been enacted and become a law without the approval of

the Governor in the manner prescribed by the constitution and is therefore invalid and void. The Registration law of 1899 as amended is not affected by the invalid and unconstitutional law of 1917 and is still in force in the city of Chicago.

The writ of *mandamus* is awarded as prayed.

*Writ awarded.*